# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SEAN A. FLOWERS,

        Plaintiff,

v.

Case No. 25-CV-393-JPS

TRACY HALL, NIKOL
BURMEISTER, C.O. LEIBSIE, CINDY
BARTER, SGT. RALLS, SGT.
LURKEY, ANGELA THOMPSON,
and SGT. DURANTE,

**ORDER**

        Defendants.

Plaintiff, a prisoner proceeding pro se, filed a complaint in the above captioned action. ECF No. 1. On March 26, 2025, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $2.15 on or before April 25, 2025. ECF No. 9. Pending before the Court are Plaintiff's motions for an extension of time and to use his release account to pay the IPFF. ECF Nos. 11, 12, 13, 14.

The Court will grant Plaintiff's motions to use his release account funds to pay the IPFF. This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf.*

*Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court would not permit Plaintiff to access his release account for the entirety of his filing fee, or other litigation costs, it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. Plaintiff must pay the $2.15 IPFF on or before **June 26, 2025**; the failure to do so may result in the dismissal of this case, without prejudice, for Plaintiff's failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to pay the IPFF from his release account and for an extension of time, ECF Nos. 11, 12, 13, 14, be and

the same are hereby **GRANTED**; Plaintiff may use his release account funds only to pay the $2.15 IPFF in this case;

IT IS FURTHER ORDERED that Plaintiff must pay the $2.15 IPFF on or before **June 26, 2025**; the failure to do so may result in the dismissal of this case, without prejudice, for Plaintiff's failure to prosecute; and

IT IS FURTHER ORDERED that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge