# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN A. FLOWERS,

    Plaintiff,

v.

TRACY HALL, NIKOL BURMEISTER, CODY LEIBSLE, CINDY BARTER, JASON RALLS, KIMBERLY LOEHRKE, ANGELA THOMPSON, BENJAMIN CASTNER, SCOTT HILL, and DEREK DURANTE,

    Defendants.

Case No. 25-CV-393-JPS

**ORDER**

    Plaintiff Sean A. Flowers, an inmate confined at Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated when he was not provided adequate medical treatment. ECF No. 1. On August 8, 2025, the Court screened the complaint and granted Plaintiff's motion to appoint counsel. ECF No. 17. On August 25, 2025, the court appointed Attorney Alan Olson to represent Plaintiff. ECF No. 18. On September 22, 2025, Defendants filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies. ECF No. 22. On October 27, 2025, Plaintiff filed an expedited motion to amend/correct the complaint. ECF No. 36. Defendants responded to that motion on October 31, 2025. ECF No. 37.

    The Court will grant Plaintiff's motion to amend the complaint. Plaintiff seeks leave to amend in a "manner that reverses the provision in

the Court's August 8, 2025 Order that screened-out Flowers' First Amendment retaliation claim against Defendant Tracy Hall." ECF No. 36 at 1. Federal Rule of Civil Procedure 15 provides that a Court should freely grant leave to amend when justice so requires.

Here, Plaintiff's motion is somewhat confusing in that it appears to seek reconsideration of the Court's screening order but is styled as a motion to amend the complaint. In any event, however, the Court finds that justice requires granting leave to amend the complaint. Plaintiff filed the complaint as a pro se prisoner; appointed counsel now seeks leave to amend the complaint based on his review of the case. Plaintiff deserves an opportunity to amend his complaint with the assistance of counsel. The Court disagrees that Defendants will be prejudiced by any amendment at this early stage in the proceedings. Defendants argue that amendment should not be allowed because Plaintiff did not exhaust his administrative remedies as to the proposed retaliation claim against Hall. While this may be true, a full briefing on the exhaustion issue is necessary for the Court to make that determination. Further, Defendants will not be prejudiced because the Court will issue a new deadline to raise motions for summary judgment based on the failure to exhaust administrative remedies. As such, the Court will grant Plaintiff's motion to amend/correct the complaint.[1]

Plaintiff may file an amended complaint on or before **December 8, 2025**. Once an amended complaint is filed, the Court will screen the amended complaint in accordance with 28 U.S.C. § 1915A(a); order Defendants to answer the amended complaint; deny the pending motion

---

[1] The Court acknowledges that Plaintiff did not comply with Civil Local Rule 15 by attaching the proposed amended complaint to the motion to amend. However, given Plaintiff's prior pro se status, the Court finds that justice requires leave to amend with counsel's assistance.

for summary judgment based on exhaustion as moot; and issue a new deadline to raise all exhaustion issues together in a concise manner.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend/correct the complaint, ECF No. 36, be and the same is hereby **GRANTED**; Plaintiff may file an amended complaint on or before **December 8, 2025**.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge